# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EDWARD TUCKER, JR., | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 15-591 |
| | ) | |
| v. | ) | Judge Cathy Bissoon |
| | ) | Magistrate Judge Lisa Pupo Lenihan |
| JOHN E WETZEL, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

## AMENDED MEMORANDUM ORDER[1]

This case has been referred to United States Magistrate Lisa Pupo Lenihan for pretrial proceedings in accordance with the Magistrates Act, 28 U.S.C. §§ 636(b)(l)(A) and (B), and Local Rule of Civil Procedure 72. On May 18, 2018, the Magistrate Judge issued a Report (Doc. 33) recommending that Edward Tucker, Jr.'s 2254-habeas petition be dismissed; and that a certificate of appealability be denied. Service of the Report and Recommendation was made, and Petitioner has filed Objections. See Docs. 33 & 34.

## DISCUSSION

### I. Petitioner's exhaustion of issues two and four of the Petition.

As an initial matter, Judge Lenihan correctly observed that Petitioner failed to exhaust issues two and four in his Petition (Doc. 3). Petitioner does not contest that this is the first

---

[1] The Memorandum Order entered on June 28, 2018 (**Doc. 35**) is **VACATED**, and is replaced with and superseded by this Amended Memorandum Order. Some modest corrections to the text have been made, and the Petitioner's mailing address updated. Although the now-vacated Memorandum Order was sent to Petitioner's old mailing address, this Amended Memorandum Order has been sent to Petitioner's current address-of-record.

instance in which he has raised issue four—that the trial court failed to adequately define his appellate rights.

Regarding issue two, Petitioner claims that trial counsel's failure to advise him of his right to plead guilty but mentally ill amounted to constitutionally-ineffective assistance of counsel. Doc. 3, at 8. It is well settled that "[a]bsent exceptional circumstances, a federal court may not determine the merits of a habeas corpus petition until the petitioner has exhausted all means of available relief under state law." Alston v. Gilmore, No. 15-2671, 2018 U.S. Dist. LEXIS 88322, at *13 (E.D. Pa. May 22, 2018) (citing O'Sullivan v. Boerckel, 526 U.S. 838, 839 (1999)). To adequately exhaust a claim, Petitioner must fairly present the claim at issue to the state court. Duncan v. Henry, 513 U.S. 364, 365, (1995). This entails giving the state courts "a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts" by "invoking one complete round of the State's established appellate review process." O'Sullivan, 526 U.S. at 845. In Pennsylvania, however, petitioners need not petition the Supreme Court of Pennsylvania to exhaust their state court remedies. Lambert v. Blackwell, 387 F.3d 210, 233 (3d Cir. 2004). Rather, Petitioner's claims are deemed exhausted after the Superior Court of Pennsylvania issues a final order denying relief. Id.

Petitioner failed to exhaust issues two and four in state court. See Doc., 6-1. Issue two is not mentioned in his appeal to the Superior Court of Pennsylvania. Id. Rather, Petitioner raised a similar claim—*i.e.*, Petitioner's mental deficiencies rendered him unable to enter a knowing and voluntary plea. While the Court acknowledges the similarity of these two issues, they remain separate and distinct. Petitioner presented the legal theory—ineffective assistance of counsel—to the Superior Court of Pennsylvania, but failed to proffer the theory that trial counsel failed to advise him of his right to plead guilty but mentally ill. The Court of Appeals for the

Third Circuit has held that "[b]oth the legal theory and the facts supporting a federal claim must have been submitted to the state courts." Lesko v. Owens, 881 F.2d 44, 50 (3d Cir. 1989).

Petitioner's failure to raise this claim constitutes procedural default. O'Sullivan, 119 S. Ct. at 1734. Further, Petitioner cannot resurrect his procedurally defaulted claim by pointing to counsel's failure to raise it. Attorney error in post-conviction proceedings, subsequent to the initial-review collateral proceeding, does not excuse a procedurally defaulted claim. Martinez v. Ryan, 132 S. Ct. 1309, 1319-20 (2012). Therefore, because Petitioner failed to raise issues two and four to the state courts, the Court finds that both claims are procedurally defaulted, and the Court may not review them. The Court adopts Section II.B.4 of the Report and Recommend concerning Petitioner's claim exhaustion, as supplemented herein.

## II. Petitioner's remaining claims of ineffective assistance of counsel.

Further, the Court agrees with Judge Lenihan's reasoning regarding Petitioner's surviving claims. Petitioner's remaining claims boil down to whether Petitioner's trial counsel's deficiencies rendered Petitioner's plea involuntary, and whether the Court failed to rectify these deficiencies during Petitioner's plea hearing.

On habeas review, the Court is tasked with determining whether the state courts' adjudication was an unreasonable application of United States Supreme Court precedent. "[A] state court adjudication fails the 'unreasonable application' test only if the state court identified the correct governing legal rule but unreasonably applied it to the particular case or if the state court either unreasonably extended a legal principle from Supreme Court precedent to a new context in which it should not apply or where it unreasonably refused to extend such a principle to a new context in which it should apply.'" Greene v. Palakovich, 606 F.3d 85, 104 n. 14 (3d Cir. 2010). Regarding whether the state courts identified the correct legal rule,

the state courts clearly were aware that <u>Boykin v. Alabama</u>, 395 U.S. 329, 243-44 (1969), and its progeny, prohibit courts from accepting guilty pleas without first determining, on the record, that the guilty plea was the result of a knowing and intelligent act done with sufficient awareness of the relevant circumstances and likely consequences. <u>See also</u> <u>Brady v. United States</u>, 397 U.S. 742, 749 (1970); <u>Henderson v. U.S.</u>, 426 U.S. 637 (1976).

The state courts also identified and applied <u>Strickland v. Washington</u>,[2] 466 U.S. 668, 684 (1984) — the standard for ineffective assistance of counsel under the Sixth Amendment. The critical issue before the Court is whether the state courts' determination that Petitioner entered a knowing and voluntary plea, despite the evidence that Petitioner's counsel told him prior to his plea hearing that he would receive a significantly lesser sentence, was an unreasonable application of <u>Boykin</u> and its progeny, as well as <u>Strickland</u>. The Court will first analyze whether the state courts unreasonably applied <u>Boykin</u> to the facts of this case.

On similar facts, the Court of Appeals for the Third Circuit found that satisfying <u>Boykin</u> requires trial courts to ensure that defendants understand the minimum sentence that could be imposed. <u>Jamison v. Klem</u>, 544 F.3d 266, 275 (3d Cir. 2008). In <u>Jamison</u>, defendant pleaded guilty without fully understanding the minimum sentence that the trial court could impose against him. <u>Id.</u> Although the prosecutor informed defendant at the change of plea hearing "that the Commonwealth would be filing a 'mandatory in the drug case,'" the Court of Appeals found that defendant did not have sufficient notice of the minimum sentence that could be

---

[2] The test for ineffective assistance of counsel is governed by the familiar two-prong standard from <u>Strickland v. Washington</u>, 466 U.S. 668, 684 (1984), and for a claim to succeed a court must find both that: (1) counsel's performance was unreasonable; and (2) counsel's unreasonable performance actually prejudiced the defense. <u>Id.</u> at 687. This test also applies to ineffective assistance of counsel claims arising out of the plea process. <u>Hill v. Lockhart</u>, 474 U.S. 52, 58 (1985); <u>Meyers v. Gillis</u>, 142 F.3d 664, 666 (3d Cir. 1998).

imposed.  Id., at 276-79.  Neither defendant's lawyer, nor the prosecution, adequately informed

him that he would be subject to a mandatory minimum of either 3 or 5 years, should he plead

guilty.  Id., at 276.[3]

Although Petitioner's change of plea shares similarities to the change of plea in Jamison,

key distinctions exist.  In 2008, when Judge Dohnanich sentenced Petitioner, Pennsylvania law

did not subject defendants to a mandatory minimum for third degree murder.  Rather,

Pennsylvania law subjected him to a maximum sentence of not more than 40 years.  Further,

judges in Pennsylvania utilize a sentencing matrix to generate a recommended sentence, which is

derived from the applicable sentencing guidelines.  Pennsylvania judges, however, maintain full

discretion to depart from the recommended sentence.  In Petitioner's case, his recommended

sentence was either 84 months to 240 months (7–20 years), under the basic sentencing matrix,

or 102 months to 250 months (8.5–20 years), under the enhanced deadly weapon matrix.  Doc. 6,

49:12-22.

Petitioner contends that his counsel advised him that he would receive a sentence of

either 7 to 20 years' incarceration or 9 to 20 years' incarceration.  Doc. 6-1, 80.  Nothing in the

record appears to contradict this assertion.  Instead of sentencing Petitioner to the recommended

guideline sentence, Judge Dohnanich sentenced Defendant to 17 to 34 years' incarceration.

Id., at 80:13-20.

---

[3] "Pennsylvania employs an indeterminate sentencing scheme. Pursuant to that scheme, when a
sentencing court imposes a sentence of imprisonment, it must impose both a minimum term of
imprisonment and a maximum term. The minimum period of incarceration must not exceed one
half the maximum. Once the defendant completes the minimum term of incarceration, it is up to
the Parole Board to determine when (and if) he/she will be released before serving the maximum
sentence imposed by the court. Thus, the length of the defendant's incarceration is not known at
the moment of sentencing because the defendant may ultimately serve only the minimum, the
maximum or any sentence between the two." Jamison, 544 F.3d at 275-76 (3d Cir. 2008)
(internal citations and quotations omitted).

The Court finds that the state courts did not unreasonably apply Boykin to the facts of this case. The distinction that Petitioner was not subject to a mandatory minimum when he entered his guilty plea is the key difference. In Jamison, defendant entered his plea without understanding that he would have to serve a minimum of three or five years if he pleaded guilty. Here, during the oral colloquy, the Court ensured that Petitioner understood the maximum sentence that could be imposed, that Judge Dohnanich would make the final decision regarding his plea and that Petitioner was entering an open plea. Prior to sentencing—because there was no minimum sentence to consider—Petitioner was aware of the entire range of his possible sentence. Thus, he was aware of the direct consequences of entering a plea, including "the permissible range of sentences." Boykin, 395 U.S. at 244, n.7.

Further, the Court finds that the state courts did not unreasonably apply Strickland. Regarding Strickland's first element, the Court finds that even if the record evidences that counsel's performance was unreasonably deficient, Petitioner suffered no actual prejudice. As stated above, the trial court cured any prejudice that Petitioner may have suffered from trial counsel's advice. The Court adopts Sections II.B.2 & II.C of the Report and Recommendation concerning Petitioner's merits and appealability, as supplemented herein.

Thus, after a *de novo* review of the pleadings and documents in the case, together with the Report and Recommendation and the Objections thereto, it hereby is ORDERED that Edward Tucker, Jr.'s 2254-habeas petition is **DISMISSED**; a certificate of appealability is denied; and the Report and Recommendation is adopted as the Opinion of the District Court, as supplemented herein.

IT IS SO ORDERED.


June 29, 2018                                    s\Cathy Bissoon
                                                 Cathy Bissoon
                                                 United States District Judge


cc (via First-Class U.S. Mail):

Edward Tucker, Jr.
HQ-1787
SCI Greene
175 Progress Drive
Waynesburg, PA  15370

cc (via ECF email notification):

All counsel of record